9 F.3d 118
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Laflorria SORRELS, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, Donna
Shalala, Secretary, Defendant-Appellee.
 No. 93-6078.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1993.
 
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant appeals the magistrate judge's order affirming the Secretary's denial of disability benefits. In applying for benefits, claimant asserted that she had been disabled since May 15, 1983, due to arthritis, headaches, lupus, hardening of the arteries, and heart and lung disease. Considering the applicable five-step sequential analysis, see 20 C.F.R. 404.1520; see also Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir.1988), the administrative law judge (ALJ), following a remand from the Appeals Council, determined that claimant was not disabled because, at the time her insured status expired, in December 1987, she remained capable of performing her past relevant work as a motel desk clerk. The Appeals Council denied review, making the ALJ's determination the Secretary's final decision.
 
 
 3
 "This court reviews the Secretary's decision to determine only whether [the] findings are supported by substantial evidence and whether the Secretary applied correct legal standards when making [the] decision." Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991). Substantial evidence is such evidence "as a reasonable mind might accept as adequate to support a conclusion." Id. We will not reweigh the evidence or substitute our judgment for that of the Secretary. Id. Upon consideration of the record and the parties' arguments, we affirm the denial of benefits.
 
 
 4
 Claimant first argues that the ALJ erred in failing to give sufficient weight to the opinion of claimant's treating physician, Dr. Jon Blaschke, M.D., dated November 10, 1988, that claimant was disabled prior to the expiration of her insured status in December 1987. The opinion of a treating physician is entitled to substantial weight and may not be disregarded unless the ALJ sets forth specific, legitimate reasons for doing so. E.g., Sorenson v. Bowen, 888 F.2d 706, 711 (10th Cir.1989). In this case, however, the ALJ did set forth specific, legitimate reasons for disregarding the treating physician's opinion, stating that Dr. Blaschke had not treated claimant since November 13, 1984. The ALJ also noted that Dr. Blaschke's conclusion that claimant was disabled contradicted his own treatment records. Because the record supports the ALJ's reasons for disregarding Dr. Blaschke's opinion, the ALJ did not err.
 
 
 5
 Claimant next challenges the ALJ's conclusion that claimant retained the residual functional capacity to perform her past relevant work as a motel desk clerk. Because substantial evidence in the record supported this determination, we affirm the Secretary's denial of benefits.
 
 
 6
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3